**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: CJA PANEL ATTORNEY INTERIM COMPENSATION | ) ) ) ) | Misc. No. 2:20-mc-472-MRH |

## ADMINISTRATIVE ORDER

This Administrative Order is issued in response to the recent outbreak of novel coronavirus disease 2019 (COVID-19) in this District. In the interest of public health and safety, the Court has taken significant steps to limit its operations due to the COVID-19 pandemic. These changes to court operations have the potential to extend the time for which payments are made to Criminal Justice Act (CJA) Panel Attorneys, thereby placing a financial burden on counsel, their staff, and their service providers.

Interim payments were authorized in this District by the *Standing Order* of the U.S. Court of Appeals for the Third Circuit dated August 9, 2016. This Court's *Criminal Justice Act Plan* (the "CJA Plan") and the *Policies and Procedures for Claims Submitted Pursuant to the Criminal Justice Act* effective January 4, 2016 (the "CJA Policies") provide that interim payments may be made where the presiding judge determines that the case is extended or complex. *See also Guide to Judiciary Policy*, Vol. 7A, §230.73.

Notwithstanding any current provisions in the CJA Plan and/or CJA Policies to the contrary, and by virtue of the fact that the Administrative Orders of this Court in regard to COVID-19 will necessarily "extend" the periods of representation, and in order to mitigate the financial hardship of delayed payments, and to ensure the continued high quality of criminal representation by CJA Panel Attorneys, the Court will allow the submission of interim CJA vouchers as described herein. Lawyers providing representation as appointed CJA counsel in this District may submit

interim vouchers for payment of fees and expenses for both attorneys and their service providers in any case, without the necessity of filing a Motion for an Order Allowing Interim Payments, subject to the following conditions:

1. To address the increased flow of vouchers, and recognizing that each CJA Panel attorney is impacted differently, the initial interim vouchers may be filed as follows:
    a. If the voucher is more than $10,000, beginning April 6, 2020
    b. If the voucher is more than $7,500, beginning April 13, 2020
    c. If the voucher is more than $5,000, beginning April 20, 2020
    d. If the voucher is more than $2,500, beginning April 27, 2020
    e. To the extent counsel has cumulative unvouchered time/expenses across their assigned cases totaling $10,000 or more but not covered by the above, as to each case for which the voucher for that case is at least $500, those vouchers may be submitted with Group 1.d (*e.g.*, on or after April 27, 2020.)

2. After an initial interim voucher is submitted pursuant to paragraph 1 above, subsequent interim vouchers may be filed no earlier than three months after the date the prior interim voucher was submitted, and only when the voucher amount is greater than $2,500.

Any CJA Counsel who is currently permitted to file interim vouchers based on a motion granted by the presiding judge in any individual case is not permitted to file interim vouchers under this protocol. Instead, counsel should continue to follow the procedure established by the presiding judge in that case. However, nothing herein limits the ability of counsel to file a motion to reconsider the existing case-specific payment protocol to conform with the protocol established by this Order.

No counsel is mandated to submit interim vouchers but is permitted to do so pursuant to the above procedures to alleviate the anticipated hardship on counsel of undertaking representation for an extended period without compensation, and to expedite the processing, review and payment of CJA vouchers. The Court will review and approve interim vouchers as prescribed by the *Guide*

*to Judiciary Policy*. This Order will remain in place unless modified, vacated or suspended by subsequent Order.

To the extent that any CJA lawyer has a demonstrable, specific hardship not adequately addressed by this Order, they may submit a letter setting out the same and the specific hardship relief requested, addressed to Joshua Lewis, Clerk of Court, transmitted electronically to JCL@pawd.uscourts.gov.

March 31, 2020          */s/ Mark R. Hornak*
                                          Mark R. Hornak
                                          Chief United States District Judge