1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2

 3       UNITED STATES OF AMERICA,

 4          vs.
                                           Criminal No. 20-168
 5       GEORGE ALLEN,

 6                        Defendant.

 7
                                   - - -
 8

 9       Transcript of proceedings on December 1, 2021 United States
         District Court, Pittsburgh, Pennsylvania, before Judge
10       Arthur J. Schwab.

11

12    APPEARANCES:

13       For the Government:    Jonathan Lusty, Esq.

14
         For the Defendant:     Patrick K. Nightingale, Esq.
15

16       Court Reporter:        Marsia L. Balobeck

17

18

19

20

21

22

23

24
             Proceedings recorded by mechanical stenography;
25       transcript produced by computer-aided transcription.
```

```
 1                         P R O C E E D I N G S
 2                              - - -
 3              THE COURT:  Good morning.  I apologize for keeping
 4    you waiting.
 5              MR. NIGHTINGALE:  Good morning, Your Honor.
 6              MR. LUSTY:  Good morning, Your Honor.
 7              THE COURT:  This is the time and place set for
 8    sentencing in criminal number 20-00168.  I'd ask counsel for
 9    the government to enter your appearance, please.
10              MR. LUSTY:  May it please the court, Jonathan Lusty
11    on behalf of the government.
12              THE COURT:  And for the defendant, please?
13              MR. NIGHTINGALE:  Patrick Nightingale on behalf of
14    Mr. Allen.  And this is Mr. Allen seated with me at counsel
15    table.
16              THE COURT:  Welcome to both of you.
17              Mr. Allen, would you kindly stand to be sworn,
18    please.
19              (GEORGE ALLEN was duly sworn)
20              THE COURT:  Since we're spaced apart, if you wish,
21    you can take your mask down.  That's your own personal
22    decision.
23              Sir, do you understand that having been sworn, your
24    answers to my questions are subject to the penalties of
25    perjury if you do not answer truthfully?
```

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you want to pull the microphone a

3     little closer, please?

4          Court notes on July 22, 2021, pursuant to a plea

5     agreement, defendant entered a plea of guilty to count one of

6     a one-count indictment charging the defendant with obstruction

7     of law enforcement during a civil disorder in violation of

8     Title 18 United States Code Section 231(a)(3) and Section 2.

9          Following the guilty plea, the court directed the

10    probation office to prepare a pre-sentence investigation

11    report and set a sentencing hearing for November 10, 2021.

12         At that sentencing hearing the court was made aware

13    the defendant had filed a sentencing memorandum with exhibits

14    under seal which had not yet been filed on the court docket.

15    The court then rescheduled this sentencing hearing for today

16    in order to review defendant's sentencing memorandum and

17    exhibits thereto.

18         The court has received and reviewed the pre-sentence

19    investigation report, addendum thereto, prepared by the United

20    States probation office.  The Court has also reviewed the

21    defendant's position, indicating he has no objections to the

22    pre-sentence investigation report.  The government did not

23    file a position with respect to the pre-sentence investigation

24    report.

25         The court has also reviewed the sentencing memorandum

1    submitted by the government, and the sentencing memoranda

2    filed by the defendant under seal, including said exhibits.

3    Notably, the defendant's sentencing memorandum requested a

4    downward variance from the advisory guideline sentence of 8 to

5    14 months to a sentence of non-confinement so the defendant

6    could continue his mental health treatment for his mental

7    health disorders, pursue employment as a commercial truck

8    driver, and continue to care for his three children.  I will

9    address defendant's request for a variance in a few moments.

10    The court has also reviewed letters from defendant's family

11    and friends.  Finally, the court has also reviewed the

12    sentencing recommendation prepared by the probation office.

13         Sir, you entered a plea of guilty in this courtroom

14    to count one of a one-count indictment at criminal number

15    20-00168, charging you with obstruction of law enforcement

16    during a civil disorder in violation of Title 18 United States

17    Code Section 231(a)(3) and Section 2.  Correct, sir?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Following your guilty plea, I directed

20    the probation office to prepare a pre-sentence investigation

21    report.  I've reviewed the pre-sentence investigation report

22    and addendum thereto and the sentencing recommendation of the

23    probation office.  Pursuant to the standing order of the Board

24    of Judges of this district, the court finds it's not

25    appropriate to disclose the recommendation of the probation

1   office to parties nor to counsel; however, sir, in determining

2   your sentence the court will not consider any matter that's

3   not previously been disclosed to you or your counsel.

4           Counsel, have you reviewed the pre-sentence

5   investigation report, addendum thereto and discussed them with

6   your client?

7           MR. NIGHTINGALE:  Yes, I have, Your Honor.

8           THE COURT:  Are there any errors in the pre-sentence

9   investigation report or addendum that you not previously

10  called to the court's attention?

11          MR. NIGHTINGALE:  There are not, Your Honor.

12          THE COURT:  Sir, have you reviewed the pre-sentence

13  investigation report, addendum thereto and other matters and

14  discussed them with your attorney?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Counsel, is there any legal cause why

17  sentence should not be pronounced?

18          MR. NIGHTINGALE:  No, Your Honor.

19          THE COURT:  Anything else you would like to say or

20  the defendant would like to say, now would be the appropriate

21  time, please.

22          MR. NIGHTINGALE:  Thank you, Your Honor.  Obviously

23  the arguments that we're making on behalf of Mr. Allen were

24  set forth in the sentencing memorandum that the court has

25  reviewed.

1          At the outset, I would say that my client comes

2     before the court humbled by his conduct.  As I've indicated in

3     my sentencing memorandum, not only is he facing conviction and

4     sentencing in federal court, but he also has a state court

5     aggravated assault charge involving the same incident with the

6     police officer who was injured.  In that case, there's an

7     agreement to a period of probation for his felony aggravated

8     assault plea.  And that sentence would only have been agreed

9     upon with the consent of the officer.  Fortunately, that

10    officer was not seriously injured.  It was a very minor

11    injury.  And it's something for which my client has great

12    regret, having been acted out in that fashion.

13          As we argue in our sentencing memorandum, his

14    criminal conduct that day was something that was triggered or

15    a reaction to the passion of the moment.

16          That day, the march had been almost a two and a half

17    hour march through Downtown Pittsburgh that ended up close to

18    Mellon Arena, the Veterans Square area, at which time people

19    seemed unsure of what to do.

20          My wife and my stepdaughter and I participated in the

21    peaceful march.  And once it seemed to stall at that

22    intersection, we departed.  And quite frankly, were parked

23    outside of the Gulf Tower, where my office is, and by the time

24    we had made it down to our vehicle at the Gulf Tower,

25    unfortunately, things had gone awry, for lack of a better

1    term.

2         The incident when a young man was jumping up and down

3    on top of a police car, and then the vehicle was set afire and

4    incidents of throwing bottles of water at mounted police.  And

5    as this was all taking place, additional tactical units

6    arrive.  And my client reacted by throwing a piece of cinder

7    block at one of those units.

8         Fortunately, like I said, the officer was not injured

9    and that was the extent of my client's criminal conduct that

10   day.

11        We have the benefit of extensive amounts of video

12   footage from that afternoon all through the evening, depicting

13   looting and rioting in Downtown Pittsburgh.  My client was

14   distinctively dressed, and that was what led to his

15   identification.  And he was not identified or did not

16   participate in any of that continuing criminality.  Unlike

17   other defendants who have come before this court, his act did

18   not serve to trigger others, it would seem.  It was a very

19   brief act of responding to a highly stressful situation.

20        For the reasons set forth in our sentencing

21   memorandum, my client's role as a father, the fact that he is

22   employed full-time right now and will be seeking work as a

23   commercial truck driver in the spring, his family obligations,

24   his lack of any serious criminal history other than a DUI and

25   a theft charge, for which he was on ARD, and the fact that now

1   he will be a federal felon and a state felon for the rest of

2   his life, barring any type of a pardon, considering his mental

3   health history, his mental health treatment and the role that

4   his anxiety and depression diagnosis and undiagnosed

5   post-traumatic stress disorder, which was very likely in play

6   at the time of this incident, for all of those reasons, Your

7   Honor, we are requesting that this court impose a sentence of

8   non-confinement, either a probationary sentence or house

9   arrest, followed by supervised release.

10       But I would submit that when considering my client's

11   history, his lack of criminal history, and the nature of this

12   incident that that would be an appropriate sentence in this

13   matter.  Thank you.

14       THE COURT:  Thank you for your excellent memorandum

15   of law.  Sir, anything you wish to say?

16       THE DEFENDANT:  Yes.  First and foremost, just wanted

17   to say that I am sorry and I apologize to the officer -- the

18   officers involved.  I understand how reckless and dangerous my

19   behavior was that day.  That wasn't my intention, but that

20   doesn't excuse the fact.  I'm looking -- I want to spend time

21   with my kids, I don't want to miss out on their lives.  So I

22   definitely understand the severity of my actions.  And I just

23   wanted to go on record by apologizing.

24       THE COURT:  Are you satisfied with the service and

25   representation provided by your attorney?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Has he done everything you've asked him

3    to do?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Is there anything you believe he should

6    not have done?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  On behalf of the government, please?

9          MR. LUSTY:  Yes.  Just briefly, Your Honor.  You have

10   had the benefit of sitting in many of these pleas and

11   sentencings, so you're fully aware of what happened on this

12   day.

13         At the time of the incident, the police were

14   attempting to get out of the area.  The area had escalated to

15   violence, people were coming down from the arena towards where

16   the police were.  And this vehicle was actually trying to make

17   a U-turn to get out, to get to safety, instead of escalating

18   the situation.  And at that point, the defendant, as

19   previously discussed, took a piece of concrete and threw it

20   through the window.  This was a situation where tensions were

21   rising and the defendant chose to take a piece of concrete and

22   throw it in the direction of the officers.  Based on the

23   sentences other individuals have received, the government is

24   recommending a guidelines sentence as well in this case.

25         THE COURT:  Which is --

1           MR. LUSTY:  8 to 14 months.

2           THE COURT:  Imprisonment?

3           MR. LUSTY:  Yes.

4           THE COURT:  The United States sentencing guidelines

5    are advisory only.  The court has discretion to vary or

6    deviate from guidelines after considering the relevant conduct

7    and factors set forth in Title 18 United States Code Section

8    3553(a).  The court must rule on any motions for departure,

9    requests for variance.

10          Defendant's offense level is 11 and his criminal

11   history category is I.  The applicable advisory guideline

12   range is 8 to 14 months imprisonment, probation of one to five

13   years, supervised release of one to three years, a fine of

14   $4,000 to $40,000, restitution of $599.21, and a special

15   assessment of $100.

16          On behalf of the government, did I accurately state

17   defendant's offense level, criminal history category and

18   advisory guideline range?

19          MR. LUSTY:  Yes, Your Honor.

20          THE COURT:  Do you agree?

21          MR. NIGHTINGALE:  I do, Your Honor.

22          THE COURT:  As stated a few minutes ago, defendant

23   has requested a downward variance from the advisory guidelines

24   sentence to a sentence of non-confinement.  As I will explain

25   in greater detail in a few moments, taking into consideration

1   the factors set forth in Title 18 United States Code Section

2   3553(a), as applied to the facts of this case.  Defendant's

3   request for downward variance is denied because the court

4   finds a sentence within the advisory guidelines is sufficient,

5   but no greater than necessary to satisfy the purposes of

6   sentencing, including just punishment, deterrence, protection

7   of the public and rehabilitation of the defendant.

8          Sir, your sentence is as follows:  Pursuant to the

9   Sentencing Reform Act of 1984, it is the judgment of the court

10  that the defendant be sentenced to a term of imprisonment of

11  12 months and one day.  Defendant's term of imprisonment is to

12  be followed by three years of supervised release.

13         In addition, it is further ordered that the defendant

14  shall pay restitution to the Pittsburgh Bureau of Police in

15  the amount of $599.21.  Payments to be sent to the Clerk of

16  Court, Joseph F. Weis, Jr. United States Courthouse, 700 Grant

17  Street, Pittsburgh, Pennsylvania, 15219, to be forwarded then

18  to the victim.

19         Defendant shall make restitution payments from any

20  wages he may earn in prison in accordance with the

21  Bureau of Prisons Inmate Financial Responsibility Program.

22  Any portion not paid in full at the time of defendant's

23  release from prison shall be paid as a condition of supervised

24  release.  Victim's recovery is limited to the amount of its

25  loss and defendant's liability for restitution ceases if and

12

1  when victim receives full restitution.  Court finds the

2  defendant does not have the ability to pay interest and

3  therefore interest is waived.

4          Within 72 hours of release from the Bureau of

5  Prisons, defendant shall report in person to the probation

6  office in the district to which he is released to be placed on

7  supervised release.

8          While on supervised release, defendant shall not

9  commit another federal, state or local crime, shall comply

10 with standard conditions that have been adopted by this court

11 and shall comply with the following additional conditions:

12         One, defendant shall not illegally possess a

13 controlled substance.  Supervised release must be revoked for

14 possession of a controlled substance.

15         Two, defendant shall not possess a firearm,

16 ammunition, destructive device or other dangerous weapon.

17 Supervised release must be revoked for possession of a

18 firearm, ammunition, destructive device or other dangerous

19 weapon.

20         Three, defendant shall participate in a program of

21 testing and, if necessary, treatment for substance abuse, said

22 program approved by the probation officer until such time

23 defendant is released from the program by the probation

24 officer and/or the court.  Further, the defendant shall be

25 required to contribute to the cost of services for any such

1    treatment in an amount to be determined by the probation

2    officer, but not to exceed actual costs.  Defendant shall

3    submit to one drug urinalysis within 15 days of being placed

4    on supervision, and at least two periodic tests thereafter.

5         Four, defendant shall not purchase, possess and/or

6    use a substance or device designed to alter in way or

7    substitute defendant's urine specimen for drug testing.  In

8    addition, defendant shall not purchase, possess and/or use any

9    device designed to be used for the submission of a third party

10   urine specimen.

11        Five, defendant shall not use or possess alcohol.

12        Six, defendant shall pay restitution balance at a

13   rate of not less than 10% of his gross monthly earnings, but

14   in no event less than $100 per month.  First payment shall be

15   made within 30 days of his release from the custody of the

16   Bureau of Prisons.

17        Seven, defendant shall provide probation officer with

18   access to any requested financial information.

19        Eight, defendant shall not incur any new credit card

20   charges or open additional lines of credit without approval of

21   the probation officer.

22        Nine, while any portion of the restitution remains

23   outstanding, defendant shall provide the United States

24   probation office with any change of address within 30 days.

25        Ten, defendant shall participate in a mental health

1   assessment and/or treatment program approved by the probation

2   officer until such time as the defendant is released from the

3   program by the court and/or the probation officer.  Defendant

4   shall be required to contribute to the cost of services for

5   any such treatment in an amount to be determined by the

6   probation officer.  These costs shall not exceed the actual

7   costs of the service.  The probation officer is authorized to

8   release defendant's pre-sentence investigation report to the

9   treatment provider, if so requested.

10          11, defendant shall cooperate with the collection of

11  DNA as directed by the probation officer.

12          Court also imposes a mandatory $100 special

13  assessment constituting a $100 special assessment towards each

14  count that the defendant has pled guilty, which shall be paid

15  to the Clerk of Court forthwith.

16          Based on the information contained in the

17  pre-sentence investigation report, the court finds the

18  defendant does not have the ability to pay a fine and

19  therefore waives imposition of any fine.

20          Sir, the reason for your sentence is as follows:

21  Court considers a sentence of 12 months and one day

22  imprisonment, two years supervised release and a stated

23  restitution to be sufficient, but no greater than necessary to

24  comply with the goals of sentencing, as set forth in Title 18

25  United States Code Section 3553(a)(2), which are to reflect

the seriousness of the offense, promote respect for the law

and provide for just punishment for the offense, afford

adequate deterrence to criminal conduct, to protect the public

from further crimes by this defendant and to provide the

defendant with need educational, vocational training, medical

care and other correctional treatment in the most effective

manner.  The court has considered all the sentencing factors

set forth in Title 18 United States Code Section 3553(a),

including those presented by the government and defense and as

set forth in the pre-sentence investigation report and

addendum thereto.

Further, the court has considered the following:

First, the court has considered the nature and circumstances

of the offense.  Defendant pled guilty to obstruction of law

enforcement during a civil disorder in violation of Title 18

United States Code Section 231(a)(3) and Section 2.  Defendant

engaged in serious criminal conduct that's further addressed

in the pre-sentence investigation report and the court

incorporates by reference Paragraphs 12 through 17 of the

pre-sentence investigation report as part of the basis upon

which this court bases its sentence.

By way of summary only:  On May 30, 2020, during a

civil disorder in Pittsburgh, Pennsylvania, police officers

entered a police vehicle and attempted to drive it away from

the area of unrest.  While multiple officers were in the

1   vehicle driving away from the area, defendant picked up a

2   piece of concrete and threw it through the front passenger

3   window.  The object struck the officer that was seated in the

4   front passenger's seat in the arm, causing a bruise that did

5   not require medical treatment.  Defendant also threw another

6   projectile at a vehicle, a piece of concrete -- and a piece of

7   concrete at a second unoccupied vehicle.  In light of this

8   conduct, an officer was hurt, fortunately suffered only a

9   minor injury.  Court finds a sentence of non-incarceration not

10   to be appropriate.

11          I distinguish this case factually from those that

12   damaged property, in particular a police car, but did not

13   attempt to cause physical injury to anyone.  In those other

14   cases which I've had sentencings, the car was empty.

15          This car was actually trying to remove itself from

16   the area and it was not -- the defendant didn't throw one

17   projectile, he through multiple projectiles, risking serious

18   harm to police officers, who were simply trying to do their

19   job and trying to actually leave the scene.

20          Second, the court also finds defendant -- considered

21   defendant's criminal, family, social history and personal

22   characteristics as outlined in the pre-sentence investigation

23   report at Paragraphs 31 through 57, which the court

24   incorporates by reference as part of the basis of the court's

25   sentence.

1          Defendant is approximately 33 years old, he's single,

2     has custody of three young children -- and has three young

3     children.   And he has primary custody of his oldest son.

4     Defendant has a commercial driver's license.   He's been

5     working at a restaurant since July 2021.

6          This is not defendant's first criminal offense.

7     Defendant has one prior conviction for DUI, for which he was

8     sentenced to three to six day imprisonment and six months

9     probation.   Defendant also has a case pending for his conduct

10    on that same date in state court, which he has or will receive

11    a sentence of probation as mentioned by counsel today, and is

12    also mentioned by counsel in its sentencing memorandum on

13    behalf of the defendant.

14         Defendant has a history of alcohol abuse and mental

15    health history, which is why the court has ordered conditions

16    relating to mental health assessment and treatment, if

17    necessary, and substance abuse testing, if necessary.

18         Third, the court has considered the kinds of

19    sentences available for this offense and the sentencing

20    guidelines sentence under the advisory guidelines and

21    applicable policy statements adopted by the sentencing

22    commission.

23         Fourth, the court considered the need to avoid

24    unwarranted sentencing disparities among defendants with

25    similar records that were found guilty of similar conduct,

1    including other defendants that have already been sentenced in

2    this case.

3         As I said, I've made a distinction between those who

4    caused property damage and those that -- to an unoccupied

5    vehicle, and this defendant who threw projectiles at an

6    occupied police vehicle.  Fortunately, only injuring one

7    officer in a minor way, but the serious harm could have been

8    caused.

9         Fifth, the court has considered the need to provide

10   restitution to any of the victims of this offense.

11        On behalf of the government, does my statement of

12   reasons adequately address all objections, concerns and issues

13   raised?

14        MR. LUSTY:  Yes, Your Honor.

15        THE COURT:  Are there any sentencing factors under

16   3553(a) that the court has failed to address?

17        MR. LUSTY:  No, Your Honor.

18        THE COURT:  On behalf of the defendant, does my

19   statement of reasons adequately address all objections,

20   concerns and issues raised?

21        MR. NIGHTINGALE:  It does.

22        THE COURT:  Are there any other sentencing factors

23   under Section 3553(a) that the court has failed to address?

24        MR. NIGHTINGALE:  No, Your Honor.

25        THE COURT:  Have you had time to talk to your client

1    about his right to appeal?

2              MR. NIGHTINGALE:  I'm sorry?

3              THE COURT:  Have you had an opportunity to talk to

4    your client about his right to appeal?

5              MR. NIGHTINGALE:  Yes, Your Honor.  We've discussed

6    that.  And we understand that we did waive the majority of our

7    appellate rights.

8              THE COURT:  Sir, except as otherwise waived in the

9    plea agreement, you have the right to appeal from the orders

10   of this court, judgment of guilty and/or the sentence imposed.

11   You have a right to be represented by an attorney at no cost

12   to you.  If you cannot afford them, certified copies of

13   necessary records and transcripts will be furnished at the

14   expense of the United States government.  If you appeal, the

15   notice of appeal must be filed within 14 days of today,

16   otherwise you will lose your right to appeal.  If you request,

17   the Clerk of Court will immediately prepare and file of notice

18   of appeal on your behalf.

19             Do you wish to appeal, sir?

20             THE DEFENDANT:  I do not, Your Honor.

21             THE COURT:  Do you understand if you change your mind

22   and decide to appeal, any notice of appeal must be filed

23   within 14 days of today, otherwise you will lose your right to

24   appeal?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  And if you change your mind, decide to

2     appeal, you'll use your current counsel to file any notice of

3     appeal.  Correct?

4          THE DEFENDANT:  Correct, Your Honor.

5          THE COURT:  All right.  Defendant is not in custody.

6     He was on bond.  So we need to talk about whether or not the

7     defendant may voluntarily surrender or whether he needs to be

8     taken into custody today.  What's the government's position?

9          MR. LUSTY:  We defer to the court, Your Honor.

10         MR. NIGHTINGALE:  Your Honor, obviously I would ask

11    that my client would be allowed to self-report.  That would

12    help with his designation in the Bureau of Prisons.  That will

13    also allow him to spend the Christmas holiday with his

14    children and to prepare for reporting for a sentence of

15    incarceration.  Other than my client's DUI sentence, he has

16    not experienced a period of incarceration.  I would ask that

17    he be allowed to self-report for designation purposes.  And I

18    would ask the court recommend that he be -- that the Bureau of

19    Prisons place him at FCI Morgantown where there's a camp,

20    which would be more appropriate given my client's lack of

21    criminal history.

22         THE COURT:  Any objection to that request?

23         MR. LUSTY:  No, Your Honor.

24         THE COURT:  So we'll request he be incarcerated as

25    close to the Western District of Pennsylvania, in particular

1    to the federal correctional institution in Morgantown.  I

2    don't think this period of time is probably long enough FOR

3    him to participate in the 500-hour drug treatment program, but

4    do you want a recommendation that he participate in drug or

5    alcohol treatment program, as available?

6              MR. NIGHTINGALE:  Yes, Your Honor.

7              THE COURT:  And I realize he's had some training.  Is

8    there any particular training he might like to receive while

9    he's incarcerated?

10             MR. NIGHTINGALE:  Well, he does have his CDL.  Is

11   there any particular vocational training you would be

12   interested in while incarcerated?

13             THE DEFENDANT:  I don't have anything off the top of

14   my head right now.

15             MR. NIGHTINGALE:  No, Your Honor.

16             THE COURT:  On behalf of the probation office, is

17   there any reason to take the defendant into custody today or

18   are you willing to continue his supervision and have him

19   voluntarily surrender?

20             PROBATION OFFICER:  There are no issues that we're

21   aware of, Your Honor, that would not allow him to remain on

22   bond pending voluntary surrender.

23             THE COURT:  Pursuant to Title 18 United States Code

24   Sections 3143(a) and 3145(c), the court finds by clear and

25   convincing evidence the defendant is not a flight risk based

1    upon his ties to the community.  Because of his lack of

2    criminal history, he's not a danger to anyone or to the

3    community.  And that there's exceptional circumstances in this

4    case, including his need to provide for one or more of his

5    children.  Therefore, the court orders that the defendant

6    shall voluntarily surrender to the institution designated by

7    the Bureau of Prisons as notified by the United States

8    Marshals Service, but not later than the 1st day of February

9    2022, which would permit the defendant to spend time with his

10   family over the holidays and provide for his children.

11          Up until and including that time, defendant shall

12   remain subject to the conditions previously established by the

13   United States Magistrate Judge Dodge as part of his pretrial

14   release.  It is therefore ordered that the existing order for

15   release remain in effect subject to the standard conditions of

16   pretrial release as set forth in the order setting conditions

17   of release plus the following additional conditions:

18          If defendant has a passport, then within ten days

19   defendant shall surrender the passport as directed by the

20   probation office, which shall hold said passport until such

21   term of supervised release complete.

22          Defendant shall not depart from the Western District

23   of Pennsylvania.

24          Defendant shall refrain from possession of a firearm,

25   ammunition, destructive device or other dangerous weapon.

1          Defendant shall refrain the use of alcohol.

2          Defendant shall refrain from the use of or unlawful

3    possession of a narcotic drug unless prescribed by a licensed

4    medical practitioner.

5          Defendant shall submit to any method of testing

6    required by pretrial services to determine if the defendant is

7    using a prohibited substance.

8          Defendant shall participate in a program of inpatient

9    or outpatient substance abuse therapy and counseling, if

10   deemed advisable by the pretrial service office.

11         Defendant shall refrain from obstruction in any

12   fashion of the efficiency and accuracy of prohibited substance

13   testing.

14         Defendant shall report as soon as possible to

15   pretrial service office any contact with law enforcement

16   personnel, including but not limited to, any arrest,

17   questioning or traffic stop.  Understand, sir?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Do you further understand you must report

20   as notified by the United States Marshal Service, but no later

21   than the 1st day of January -- excuse me, 1st day of February,

22   2022, or you'll be guilty of violating The Bail Reform Act,

23   which carries a maximum sentence of ten years imprisonment

24   consecutive to any other sentence I impose, a fine of $250,000

25   plus interest and could result in forfeiture of any bond

1   posted?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Anything else on behalf of the

4   government?

5          MR. LUSTY:  No.  Thank you, Your Honor.

6          THE COURT:  Anything else on behalf of the defendant?

7          MR. NIGHTINGALE:  No, Your Honor.

8          THE COURT:  I want to thank both counsel.  You did an

9   excellent job for your respective clients.  So I wanted to

10  compliment you in that regard.

11         Mr. Allen, I wish you the best.  Hopefully, that time

12  in prison will pass quickly for you and you'll be able to

13  return back to society and resume being a productive citizen.

14         THE DEFENDANT:  Thank you, Your Honor.

15         THE COURT:  Thank you, sir.  I adjourn this hearing.

16              C E R T I F I C A T E

17         I, MARSIA L. BALOBECK, certify that the foregoing
    is a correct transcript from the record of proceedings in the
18  above-entitled case.

19

20   \s\ Marsia L. Balobeck          10/27/2022
    MARSIA L. BALOBECK               Date of Certification
21  Official Court Reporter

22

23

24

25